IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:19-CR-00303-DWA |
| vs. | ) | |
| MARSHALL TAYLOR, | ) | |
| Defendant. | ) | |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

The Indictment in this case charges Defendant with five counts: three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1-3) and two counts of aggravated identity theft in violation of 18 U.S.C. § 1029A(a)(1) (Counts 4 and 5). Defendant has filed five Motions that are currently pending and ready for review: Second Motion re: Disclosure of 404(b) Evidence (ECF No. 66); First Motion for Discovery (ECF No. 63); Second Motion to Preserve and Produce Rough Notes (ECF No. 65); First Motion to Suppress Photo Identification (ECF No. 62); and First Motion to Dismiss Indictment (ECF No. 61). The Government has filed an Omnibus Response (ECF No. 75). After careful consideration of the same, I make the following determinations:

*Motion for Discovery (ECF No. 63)*

With regard to the Motion for Discovery (ECF No. 63), Defendant first seeks any additional materials governed by Rule 16 of the Federal Rules of Criminal Procedure that the Government may use in its case-in-chief. The Government states that it provided agent reports. (ECF No. 75, p. 10). Additionally, the Government states that it "has not retained any experts," but if does it will produce them in accordance with this Court's pretrial order. Defendant also seeks *Brady* and *Giglio* materials, as well as Jencks Act materials. (ECF No. 63, pp. 3-5). To this request, the Government responds that it "is not aware of any undisclosed *Brady* material",

but will produce any, as well as *Giglio* information as ordered by this Court.  (ECF No. 75, pp. 10-11).  As to the Jencks Act material, the Government asserts that while the motion is premature, it has already produced material pursuant to the Jencks Act and will produce any unprovided material prior to trial.  *Id*. at 11.  Upon consideration of the same, Defendant's Motion (ECF No. 63) is granted to the extent that the Government is ORDERED to produce any and all responsive material to the requests above three weeks prior to trial.

Defendant also requests "additional discovery." (ECF No. 63).  In response, the Government has already provided some of the requested information and that it is willing to work with Defendant's counsel to provide any additional responsive materials.  (ECF No. 75, p. 11).  Accordingly, the Government requests that counsel continue to work together cooperatively to produce responsive materials. Therefore, regarding the "additional discovery" sought by Defendant's Motion (ECF No. 63), said motion is denied at this time.  It is FURTHER ORDERED that counsel continue to work cooperatively to address the "additional discovery" sought by Defendant.  If counsel reach an impasse, Defendant's counsel may file a motion to reassert a request for specific documents.

### Second Motion for Disclosure of Evidence pursuant to Rules 404(b) and 609 (ECF No. 66), and Second Motion to Preserve and Produce Rough Notes (ECF No. 65)

Defendant has filed a Second Motion for Disclosure of Evidence pursuant to Rules 404(b) and 609 (ECF No. 66) and a Second Motion to Preserve and Produce Rough Notes (ECF No. 65), Upon review of the same, I agree with the Government that production of such evidence is still premature.[1]  (ECF No. 75).  Therefore, it is ORDERED that the Motions (ECF Nos. 65 and 66) are denied at this time.  It is FURTHER ORDERED, however, that the Government is to produce any and all responsive material to these requests three weeks prior to trial.

---

[1] With regard to the preservation of rough notes, the Government asserts that it has "advised its agents to preserve such material."  (ECF No. 75, p. 13)

*Motion to Dismiss the Indictment (ECF No. 61)*

Defendant has also filed a Motion to Dismiss the Indictment. (ECF No. 61). An indictment is sufficient on its face if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012), *quoting, United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statue, and specifies the time period during which the violations occurred." *Huet,* 665 F.3d at 595. No greater specificity is required. *Id.* "Additionally, for charges of fraud or conspiracy, specific intent crimes, the indictment must charge 'with particularity' the facts supporting the offense." *United States v. Flemming,* 223 F. Appx. 117, 126 (3d Cir. 2007), *citing, United States v. Al Hedaithy,* 392 F.3d 580 (3d Cir. 2004). To be clear, a motion to dismiss an indictment is not a proper vehicle to attack the sufficiency of the government's evidence. *Id.* Further, in reviewing a motion to dismiss an indictment, the court must accept the Government's allegations as true. *Id.* at 596-97*; see also, United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990) ("In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment.").

Applying the above standard to the wire fraud[2] counts of the Indictment (Counts 1-3), I find the Indictment is sufficient. The Indictment sets forth the statute charged, the time period of when the violations occurred, and provides enough facts to allow Defendant to prepare his defense. (ECF No. 3, pp. 1-4). Specifically with regard to the interstate wire element, the

---

[2] The elements of wire fraud that the Government must prove at trial are: "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme." *United States v. Al Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004)(citation omitted).

Indictment specifically states that Defendant, "for the purpose of executing and attempting to execute the scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce, by means of a wire communication, the following signs and signals, each such interstate wire transmission representing a separate count." *Id*. at ¶ 16.   The Indictment further provides the following chart:

| Count | Date | Description of Wire |
|---|---|---|
| One | October 19, 2018 | Credit application submitted through website associated with LW Automotive in connection with the attempted acquisition of a Land Rover |
| Two | October 23, 2018 | Credit application submitted through website associated with LW Automotive in connection with the attempted acquisition of a Land Rover |
| Three | November 7, 2018 | Credit application submitted through website associated with LW Automotive in connection with the attempted acquisition of a Land Rover |

*Id*. at ¶ 16.   Accepting these allegations as true, I find the Indictment is sufficient regarding the wire fraud counts.

Applying the above standard to the identity theft[3] counts of the Indictment (Counts 4 and 5), I find the Indictment is similarly sufficient.  (ECF No. 3).  The Indictment sets forth the statute charged, the dates violations occurred, and provides enough facts to allow Defendant to prepare his defense.  (ECF No. 3, pp. 5-6).  Specifically, the Indictment alleges that Defendant "during and in relation to the felony violation of Wire Fraud as set forth in Count One, did knowingly possess and use, without lawful authority, the means of identification of another person,

---

[3] The elements of identity theft that the Government must prove at trial are: "(1) the defendant knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant did so without lawful authority; and (3) the defendant did so during and in relation to certain enumerated crimes, including mail fraud." *United States v. Rashid*, 654 F. App'x 54, 57 (3d Cir. 2016)

specifically the social security number of an individual known to the grand jury as C.W." *Id.* at ¶¶17-18. Accepting these allegations as true, as I must at the motion to dismiss stage, I find the Indictment is sufficient regarding the identity theft counts.

Consequently, Defendant's Motion to Dismiss the Indictment (ECF No. 61) is denied.

*Motion to Suppress (ECF No. 62)*

Defendant has filed a Motion to Suppress and has requested a hearing regarding the same. (ECF No. 62, p. 5). At a telephone conference on October 13, 2020, Defendant orally consented to conduct the hearing via video. Based on this, a video hearing on the Motion to Suppress (ECF No. 62) has been scheduled for November 17, 2020. (ECF No. 88). The Court e-mailed the Zoom video link Zoom for the same to counsel.

DATED this 14th day of October, 2020.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge